De Forest C. Pitt, J.
This is a proceeding brought pursuant to article 78 of the Civil Practice Law and Rules. Petitioner, an employer seeks to set aside a certain decision of respondent, S. E. Senior, as Chairman of the Workmen’s Compensation Board of the State of New York, as being affected by an error of law. A motion has been made by the respondent pursuant to subdivision (f) of 7804 Civil Practice Law and Rules to obtain an order dismissing the petition upon objections in point of law.
The pertinent facts can be stated as follows: A certain employee of petitioner sustained injuries in an automobile accident and applied for disability benefits under the Workmen’s Compensation Law. Subsequently it appeared that the petitioner, although obligated to provide disability benefit coverage for such employee had failed to do so. The said employee was *528 paid benefits in the amount of $965.90 out of the special fund for disability benefits created by statute to assume liability for benefits due from noninsured or defaulting employers. Such sum was later recovered by the special fund by means of the satisfaction of a lien filed against the proceeds of the employee’s third-party action. The petitioner has been ordered by the respondent to pay the aforesaid sum to the special fund in accordance with section 213 of the Workmen’s Compensation Law, together with certain penalties computed under subdivision 2 of section 220 of such law.
The petitioner, while apparently not objecting to the amount of the penalties fixed under subdivision 2 of section 220, has maintained that a payment by it in the sum of $965.90 to the special fund would be contrary to law and represent a double recovery by a subrogee.
Respondent’s position is that this proceeding is barred under 217 Civil Practice Law and Rules, inasmuch as it was commenced more than four months after the order of payment was final and binding upon the petitioner, and also that the petition on its face is insufficient as a matter of law, in that it fails to set forth facts entitling petitioner to the relief sought.
The respondents contention based upon the Statute of Limitations necessitates a discussion of the administrative acts and proceedings, which preceded this proceeding. In January of 1962, a notice of determination was issued informing the petitioner that the Workmen’s Compensation Board has found that it was a covered employer, that it did not have the required coverage, and further, that the subject employee would be paid out of the special fund for disability benefits, with the result that it would be liable for such sums paid together with penalties. Such notice further informed petitioner that if it did not request a review of the same within 10 days from its date the determination would become final. Petitioner failed to make such request. Thereafter, following computation of the amount paid and of the penalties, and on June 18, 1962, respondent issued and mailed to petitioner an order for payment. Upon nondelivery of the same respondent issued a second such order on July 6, 1962, and it was personally served upon petitioner’s president on July 11, 1962.
On October 30, 1962, petitioner, through its attorney, made part payment of the amount demanded under protest and by a letter requested a review or hearing. In response to such request the matter was reviewed by a Referee and his decision, bearing date of March 12, 1963, read in its entirety as follows: ‘ ‘ Award is proper. Refer to Chairman on amount of penalty. *529 Closed.” It is to be noted that this review was held as a matter of courtesy and not of right under the applicable administrative procedure.
Petitioner appealed from such decision to what was apparently the appropriate administrative appeal board, denoted as the Board Panel, and by its decision of July 24, 1963, held in part as follows: “ It is the opinion of the Board that inasmuch as the employer’s amenability under the Law is conceded, it is not within the jurisdiction of the Board to in any way disturb the specific sum fixed by the Chairman of the Workmen’s Compensation Board as payable into the Special Fund for disability benefits by an uninsured employer under the provisions of § 213 of the Law. The determination of such sum is solely within the province of the chairman. Accordingly, and without passing judgment on the merits of the issue raised by the employer herein, the matter is referred to the Chairman of the Workmen’s Compensation Board.”
Following receipt of this decision petitioner, through its attorney, wrote to the Chairman of the Workmen’s Compensation Board for the purposes of outlining its position. In response a communication was received from an Assistant Counsel of the Workmen’s Compensation Board, the contents of which merely suggested that in the writer’s opinion the petitioner’s contention was without basis and that payment of the sums due should be made by return mail.
It is suggested by respondent that the final determination sought to be reviewed in this proceeding was evidenced by the order of payment served July 11, 1962, or, in any event, such final determination was made by the Board Panel in its decision dated July 24, 1963, and that inasmuch as this proceeding was commenced more than four months following the same it is barred under 217 Civil Practice Law and Buies.
This court cannot agree with such contention. It is to be noted that the only matter controverted by the petitioner and the only issue raised at anytime involves the amount of the penalty claimed, upon the contention that the majority of the same represents a double recovery by a subrogee. A reading of the administrative decisions clearly indicates that there has been no final resolution of this issue. In the decision of March 12, 1963, as well as that of the Board Panel made July 24, 1963, the matter was referred to the Chairman of the Workmen’s Compensation Board, who has apparently neglected to pass upon the same.
It is felt that the fact that the first review of this matter was granted as a courtesy is immaterial. A realistic view of *530 the factual situation indicates to this court that the Workmen's Compensation Board did undertake to review the matter and the respondent has yet to complete the task. Any default on the part of the petitioner in applying for a review was clearly waived, and petitioner has yet to obtain consideration of the one issue it raises, or a final determination of the same.
It was the respondent’s duty in the first instance to determine the amount to be charged to the petitioner, and under the wording of the administrative decisions he clearly has the present duty to reconsider ¡the same and issue what, within the framework of the factual situation, will be his final determination.
Mindful of the dictates of 7801 Civil Practice Law and Rules this court is of the opinion that petitioner is premature in attempting to challenge a determination which is not final. More appropriate would the seeking of a judgment compelling the respondent to make his final determination. However, this is not fatal to the petition, as this court can grant appropriate relief even if such relief is not specifically sought.
The remaining objection in point of law raised by respondent’s motion strikes at the heart of petitioner’s position, maintaining that the same states no legal basis for relief.
A logical extension of the above discussion compels this court to consider such objection as being equally premature as the wordage of the petition seeking to challenge a determination. Accordingly, the petition must at this time be read as seeking to compel a final determination. The motion made by respondent raising objections in point of law will be denied at this time, and the respondent may serve his answer and the matter renoticed for hearing in accordance with subdivision (f) of 7804 Civil Practice: Law and Rules.