■ In the Matter of ASSOCIATED CONTRACTING AND BLACKTOP, INC., Respondent, v. S. E. SENIOR, as Chairman of the Workmen's Compensation Board, Appellant.— REYNOLDS, J. Appeal from a judgment of the Supreme Court, Albany County, in a proceeding pursuant to article 78 of CPLR, requiring the Chairman of the Workmen's Compensation Board to determine whether petitioner, an uninsured employer, is liable for a payment under section 213 of the Workmen's Compensation Law. Also involved is the assessment of penalties by the Chairman of the Workmen's Compensation Board against the petitioner for failure to provide disability benefits coverage to its employees as required by article 9 of the Workmen's Compensation Law, also known as the Disability Benefits Law. One of the petitioner's employees sustained injuries in an automobile accident and applied for disability benefits. Petitioner, although obligated to provide disability benefit coverage, had failed to do so. The employee was paid benefits in the amount of $965.90 out of the Special Fund for Disability Benefits. The Special Fund filed a lien against the proceeds of claimant's third-party action and recovered the amount of the lien. Pursuant to inquiries by the Chairman, petitioner admitted failure to provide coverage and submitted payroll records which disclosed there had never been any coverage. Based on these admissions Chairman Senior sent petitioner a "Notice of Determination of Employer Liability" in which it was stated that the Special Fund was paying the benefits and that "In addition to the amounts paid your employees during periods of disability, you are also liable for penalties for the period of non-compliance as provided by Sections 213 and 220, as quoted on the reverse side of this form." Section 213 of the Workmen's Compensation Law provides, in effect that delinquent employers shall pay the benefits due their employees, and that a sum shall be paid to the Chairman for credit to the Fund in the amount of the sum so expended in benefits or 1% of the employer's payroll covering the period of delinquency, whichever sum proves greater. The Chairman, however, retains discretion under the statute to require only payment of the amount of benefits paid out by the Special Fund should he determine that the delinquency was inadvertent. There is no provision in the statute for a hearing. Section 220 of the Workmen's Compensation Law provides for additional penalties. At the conclusion of this notification, it was stated: "This determination shall be considered as FINAL unless you file, *in affidavit form*, a statement of facts and evidence to support your request for review of this determination, within ten (10) days from date of this notice." This notification was dated January 12, 1962. The sums actually computed reached $1,102.19—$965.90, the amount of the benefits, under section 213, plus $111.29 and $25 in penalties under subdivision 2 of section 220. Petitioner made no request for review of the determination as it was told it could do. At the time of this determination, the Special Fund had already recovered its lien. On June 18, 1962, six months after the date

of the Chairman's determination, an "Order for Payment" was sent by registered mail to petitioner, who refused to acknowledge it. Thereafter, such an order was served personally. Finally, on October 30, 1962 petitioner forwarded partial payment of $300 under protest. At that time petitioner requested a "rehearing". Although the question was entirely an administrative one, the case was set down for a hearing before a Referee. When the case reached the board this was realized and the board, holding it had no jurisdiction, made no determination and referred the matter to the Chairman. The Chairman took no action until it became evident petitioner would not pay and then he filed an information charging petitioner with a misdemeanor under section 211 of the Workmen's Compensation Law. This precipitated the instant proceeding. The Chairman's primary contention is that the instant proceeding was barred by CPLR 217 which provides that a review proceeding under article 78 must be brought within four months after the determination sought to be reviewed becomes final and binding. The court below held section 217 inapplicable here on the grounds that there was never a final administrative determination of the issue because the Chairman had never passed on the issue when it was referred to him by the board panel and that by allowing petitioner to proceed through the normal hearing channels the Chairman had waived any defense under section 217. We cannot agree. The Chairman's "Notice of Determination of Employer Liability" was rendered at a time following the recovery by the Special Fund from the third party of the amount of disability benefits paid to the employee. There seems to be no claim by petitioner that at that point it was not aware of the fact the Special Fund had recovered on its lien. This notice clearly stated that it was a final determination. While no hearing was provided by statute, the petitioner was allowed 10 days to make his objections and since the petitioner did not avail himself of this procedure, we need not pass here on when the statute would start to run in such a case. Further it is clear that neither the Referee nor the board panel is empowered by statute to pass upon the question raised by petitioner and, in fact, neither did pass upon it. By referring this question to the Chairman the Referee and panel were merely making known their own lack of jurisdiction over the matter and that the Chairman's office was the proper place for its disposition. Nor can we find any waiver of CPLR 217. Petitioner's wait of nine months before taking any action and then through channels totally incapable of affording any relief precludes such a holding (*Matter of Karaffa* v. *Simon*, 14 A D 2d 978; *Matter of Nelson* v. *Kelly*, 4 A D 2d 596). The petition was not timely brought and must, therefore, be dismissed. Judgment reversed and petition dismissed, without costs. Gibson, P. J., Taylor and Aulisi, JJ., concur; Herlihy, J., concurs in part: I concur in the result on the limited ground that the petition was not timely brought and must, therefore, be dismissed. [42 Misc 2d 527.]